| iSCHOTT, Chief Judge,
concurring in result.
In February 1989 the trial court dismissed appellant’s rule to reduce alimony and child support because he failed to carry his burden of proving that his circumstances had taken a change for the worse since these obligations were fixed in November 1987. Since this 1989 judgment was not appealed, it became final.
When appellant filed his second rule in September 1990, he had the burden of proving a change since the date of the previous judgment of 1989. Similarly, when he filed this third rule in September 1991, he had the burden of proving additional changes since the date of the previous rule. Because he failed to carry his burden of proof at both trials, the trial court correctly dismissed the rules.
The fact that he sent out 300 applications for employment before he filed his second and third rules does not change his circumstances. He is still not employed as a banker earning $85,000 just as he was not on his previous court appearance.
His remarriage does not provide him with an adverse change of circumstances which would support a reduction. In a word, both of these happenings, i.e. his letters seeking employment and his remarriage, are irrelevant to the matters under consideration.
I concur in the affirmation of the judgments on appeal.